IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION

NO. 7:05-CR-025-F-1
7:12-CV-054-F

| | | |
|---|---|---|
| WADE TEMPLE HANKINS, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| Respondent. | ) | |

Petitioner Wade Temple Hankins ("petitioner" or "Hankins") has filed a motion to vacate, set aside, or correct sentence [D.E. # 63] pursuant to 28 U.S.C. § 2255. Petitioner challenges the twenty-four month sentence of incarceration he received upon this court's finding that he violated the terms of his supervised release. See Order [D.E. # 56] at 1. The matter is now before the court for review pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts. Under the rule, this court must dismiss any § 2255 motion when "it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief . . . ." For the reasons that follow, this court finds that it "plainly appears from the motion" that petitioner is not entitled to relief. Thus, the motion is due to be dismissed.

**STATEMENT OF THE CASE**

On November 14, 2005, petitioner entered a plea of guilty, pursuant to a written plea agreement, to one count of being a convicted felon in possession of a firearm, in violation of 18

U.S.C. § 922(g), as set forth in the Indictment [D.E. # 1]. On March 8, 2006, the court sentenced petitioner to a twenty-two month term of imprisonment and a three year term of supervised release. Judgment [D.E. # 31] at 2-3. On August 8, 2007, the court entered an order [D.E. # 38] granting the Government's motion to reduce petitioner's sentence pursuant to Fed. R. Crim. P. 35(b)(2)(B). Petitioner's sentence was reduced to twenty months. On July 9, 2010, petitioner appeared before the court for a hearing on the Government's motion to revoke his supervised release due to his commission of criminal conduct which resulted in various state court felony convictions. Petitioner admitted to the conduct underlying the motion to revoke. See Transcript [D.E. # 59] at 4-5. The court entered an order [D.E. # 56] revoking petitioner's supervised release and imposing a twenty-four month sentence of incarceration, to run consecutive to petitioner's undischarged state court sentences.

Petitioner appealed, arguing "that his sentence is plainly unreasonable because the district court procedurally erred by failing to adequately address his request to run his federal sentence concurrent with his undischarged state sentence to allow his participation in an inmate construction program while in state custody." U.S. v. Hankins, 423 F. App'x 306, 306 (4th Cir. 2011) (unpublished decision). The Fourth Circuit held that the court did not err in sentencing petitioner, and that the "sentence is not plainly unreasonable." Id. at 307.

On March 2, 2012, petitioner filed his motion to vacate the revocation sentence. Petitioner appears to raise the following claims for relief: 1) that "the revocation sentence imposed upon movant creates an disproportionate term of imprisonment in violation to the 8th and 14th Am.;" 2) that "the imposition of movant's federal revocation term to run at the expiration of an recent state

2

term violates federal law;" and 3) that "the movant received ineffective assistance of post-trial counsel or appellate counsel" due to counsel's failure to raise claims one and two.

## DISCUSSION

I.  Standard of Review

   A.  28 U.S.C. § 2255

Petitioner has filed a motion to vacate pursuant to 28 U.S.C. § 2255, which requires a petitioner asserting constitutional error to prove that "the sentence was imposed in violation of the Constitution or laws of the United States, or that the Court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law." 28 U.S.C. § 2255(a). In such a proceeding, the burden of proof is on the petitioner to establish his claim by a preponderance of the evidence. Miller v. United States, 261 F.2d 546, 547 (4th Cir. 1958).

   B.  Rule 4 of the Rules Governing Section 2255 Proceedings

As noted above, pursuant to Rule 4(b), this court "must" dismiss any motion to vacate sentence in which "it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief . . . ." Therefore, the court is required to "summarily dismiss any facially meritless claims" presented in a motion to vacate sentence. United States v. Talbott, 26 F. App'x 167, 168 (4th Cir. 2001) (unpublished decision).

II.  Analysis

   A.  Whether petitioner's sentence is unconstitutionally "disproportionate."

Petitioner first claims as follows:

> Mr. Hankins now asserts that his revocation term of 24 months has created a term of imprisonment that is grossly disproportionate under the federal or state sentencing guidelines, in violation of the Eighth and Fourteenth Amendments of the

3

> Untied States Constitution. This is so, or should be so, because there will be a showing that both federal and state sentencing guidelines are not constitutionally comparable for the imposition of either concurrent or consecutive consideration.

Mot. [D.E. # 63] at 6. Petitioner does not cite to any legal authority for his position that his revocation sentence is somehow "grossly disproportionate" under any "federal or state sentencing guideline." Indeed, petitioner does not cite to any specific state or federal guideline. The bulk of petitioner's argument in support of this claim appears to challenge aspects of his state court sentence and North Carolina's sentencing guidelines. Id. at 7-8. In short, petitioner asserts that his state sentences, which are to be served consecutively for a total incarceration of 87 to 105 months, are "grossly disproportionate term of imprisonment to the movant's state offense" and that, therefore, somehow his federal revocation sentence "increases said disproportionality, cruelness, and unusualness." Id. at 8.

Of course, the legality of North Carolina's sentencing laws or whether or not petitioner's state court sentence somehow violates the Constitution are not issues before this court pursuant to this § 2255 motion. This court is concerned only with the sentence it imposed in revoking petitioner's supervised release. To that end, petitioner presents no authority for his belief that his federal revocation sentence is unconstitutional because it somehow aggravates or exacerbates some alleged unconstitutional aspect of his state sentence. The circumstances under which a sentence might be found so disproportional to the severity of the crime so as to violate the Eighth Amendment are extremely limited. See United States v. Wellman, 663 F.3d 224, 231 (4th Cir. 2011). Indeed, "extensive proportionality analyses are only required in those cases involving life sentences without the possibility of parole. In contrast, other lesser sentences that are clearly within the prerogative of Congress and subject to imposition by a district court may be disposed of swiftly." Id. Moreover,

where, as here, the sentence imposed is a product of the offender's recidivism, "enhanced sentences" are especially appropriate. Id. at 232. In any event, the Fourth Circuit has already determined that this court was not "plainly unreasonable" "in ordering Hankins's twenty-four month sentence to run consecutively to his state term." Hankins, 423 F. App'x at 307. Thus, that sentence clearly is not "disproportionate," "cruel," or "unusual" due to some convoluted theory that it somehow subsumes such purported attributes of his state sentence. The two sentences are independent of each other and an alleged infirmity in the state sentence cannot invalidate petitioner's federal revocation sentence,[1] especially where petitioner admitted to the conduct that was the basis for the revocation of his supervised release. Accordingly, this claim is without even arguable merit and is due to be summarily dismissed.

> B. Whether imposition of the revocation sentence to run consecutive to petitioner's state court sentence "violates federal law."

Petitioner's second claim is that the court's order requiring him to serve his federal revocation sentence consecutively with his undischarged state sentence is contrary to "federal law" in that it violates something he terms "federal custody subject-matter jurisdiction." Mot. [D.E. # 63] at 10. In short, petitioner argues that, because he was on federal supervised release when he committed the crimes for which he was convicted in state court, he should be in federal rather than state custody. Id. Petitioner presents no authority for this proposition and does not cite to any "federal law" which establishes his concept of exclusive "federal custody subject-matter

---

[1] The court notes that petitioner has filed a petition for writ of habeas corpus challenging his state court sentence. See Hankins v. Lewis, No. 5:11-hc-2207-BO (filed Oct. 24, 2011). Should petitioner succeed in that action, there will be no effect on his federal revocation sentence other than, potentially, when he might began service of that sentence.

jurisdiction." Thus, petitioner has failed to explain how his theory somehow illustrates a constitutional defect in his revocation sentence. In any event, again, the Fourth Circuit has held that this court's order that petitioner serve his revocation sentence consecutive with his undischarged state sentences is not "plainly unreasonable." Hankins, 423 F. App'x at 307. Likewise, the Fourth Circuit has continued to affirm the authority of a district court to order service of a supervised release revocation sentence consecutive to undischarged state sentences. See United States v. Simcox, 441 F. App'x 156, 157 (4th Cir. 2011) (unpublished decision). Moreover, at the revocation hearing, this court expressly "considered the policy statements on revocation contained in chapter seven of the United States Sentencing Guidelines." Transcript [D.E. # 59] at 5, which support imposition of a consecutive revocation sentence in circumstances such as those before the court in this case . See United States v. Compton, 425 F. App'x 243, 244-45 (4th Cir. 2011) (affirming imposition of revocation sentence to run consecutively with "previously imposed state sentence" where district court relied upon the policy statement in U.S.S.G. § 7B1.3(f)). Thus, the revocation sentence is not in violation of "federal law." This claim is patently frivolous and is due to be dismissed.

  C.  Whether petitioner received ineffective assistance of counsel.

Petitioner's final claim is that he received the ineffective assistance of counsel during his release revocation proceedings and on appeal of those proceedings because of his counsel's failure to raise the above issues. He argues that, "[i]f said grounded issues of ground one and two were adequately brought before said courts by said counsels a different result would had occurred, and, thus, prejudice to the movant should be presumed." Mot. [D.E. 63] at 12.

Even indulging petitioner's assumption that he had a constitutional right to the effective assistance of counsel during supervised release revocation proceedings–itself hardly a given, see

6

Case 7:05-cr-00025-F Document 68 Filed 07/02/12 Page 6 of 8

United States v. Hamilton, 360 F. App'x 424, 426 (4th Cir. 2010) (unpublished decision)—this claim is nevertheless devoid of merit. To succeed on his ineffective assistance claim, petitioner must demonstrate (1) that his counsel's performance was deficient and (2) that the deficient performance prejudiced him. See Strickland v. Washington, 466 U.S. 668, 687 (1984). The first prong is met only where counsel's performance falls "below an objective standard of reasonableness." Id. at 688. "Review of counsel's performance is 'highly deferential[,]' " and the court operates under the "strong presumption that [counsel's] performance was within the extremely wide range of professionally competent assistance." Baker v. Corcoran, 220 F.3d 276, 293 (4th Cir. 2000) (citation omitted). The second prong of Strickland's ineffective assistance test is met where there is "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland, 466 U.S. at 694. See also United States v. Higgs, 663 F.3d 726, 735 (4th Cir. 2011).

The court has already determined that each of the grounds petitioner raises in challenging his revocation sentence are completely devoid of merit. Thus, counsel cannot be found deficient for failing to raise such grounds, and petitioner cannot show prejudice flowing from counsel's omission of such arguments. Accordingly, this claim is without merit and is due to be denied.

III. Certificate of Appealability

The court now must determine whether petitioner is entitled to a certificate of appealability. Rule 22(b)(1) of the Federal Rules of Appellate Procedure provides in pertinent part that a § 2255 applicant "cannot take an appeal unless a circuit justice or a circuit or district judge issues a certificate of appealability under 28 U.S.C. § 2253(c)." Fed. R. App. P. 22(b)(1). "A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a

7

constitutional right." See 28 U.S.C. § 2253(c)(2). An applicant satisfies this standard by demonstrating that reasonable jurists would find that any assessment of the constitutional claims by the district court is debatable or wrong and that any dispositive procedural ruling by the district court likewise is debatable. See Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003); Slack v. McDaniel, 529 U.S. 473, 484 (2000); Rose v. Lee, 252 F.3d 676, 683-84 (4th Cir. 2001).

Petitioner has failed to meet the requirements for a certificate of appealability. The court properly dismissed petitioner's motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255, and petitioner failed to make a "substantial showing" of the denial of a constitutional right. Petitioner has not shown that reasonable jurists would find that decision debatable. Therefore, petitioner is not entitled to a certificate of appealability.

## CONCLUSION

For the foregoing reasons, the motion to vacate sentence pursuant to § 2255 [D.E. # 63] is DISMISSED pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts. The court DENIES a certificate of appealability. The clerk of court is DIRECTED to close this case.

SO ORDERED. This the 2nd day of July, 2012.

*James C. Fox*
JAMES C. FOX
Senior United States District Judge