IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION

No. 7:05-CR-00025-F-1

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | O R D E R |
| | ) | |
| WADE TEMPLE HANKINS, | ) | |
| Defendant. | ) | |

This matter is before the court on Wade Temple Hankins' letter motion [DE-70]. In his

motion, Hankins seeks federal credit for the time period beginning the date the federal detainer

was placed on him. For the reasons set forth below, Hankins' letter motion [DE-70] is DENIED.

**Factual and Procedural Background**

On November 14, 2005, Hankins pled guilty to possession of a firearm by a convicted

felon, in violation of 18 U.S.C. §§ 922(g)(1) and 924. [DE-25.] Hankins was sentenced to

twenty-two months' imprisonment and three years of supervised release on March 8, 2006. [DE-

31.] Hankins' sentence was later reduced to twenty months pursuant to Rule 35(b) of the Federal

Rules of Criminal Procedure. [DE-38.] Hankins' term of supervised release commenced on

October 11, 2007.

On November 12, 2009, Hankins pled guilty in North Carolina's Duplin County Superior

Court to the following: 10 counts of larceny by an employee, 8 counts of obtaining property by

false pretense, 6 counts of felony financial card theft, and 3 counts of identity theft. Hankins

received three consecutive sentences of 29 to 35 months.

Hankins appeared before this court on July 9, 2010 for revocation proceedings. [DE-53.]

This court ordered that Hankins' supervised release be revoked and committed him to the

custody of the Bureau of Prisons for twenty-four months. [DE-56.] The sentence was ordered to run consecutive to any state sentence he was serving. *Id.*

## Discussion

In this case, Hankins is seeking credit on his federal sentence for the time served from February 11, 2009, the date the federal warrant was issued and filed as a detainer against him, until July 9, 2010, the date of his revocation proceedings. Hankins' attempt to get credit from the date the federal warrant was issued and filed as a detainer against him lacks merit because a detainer filed to hold a prisoner to serve a federal term does not change his state custody status. *See Thomas v. Whalen*, 962 F.2d 358, 360 (4th Cir. 1992). Rather, a detainer notifies the officials at the institution where a prisoner is confined that the prisoner is wanted in another jurisdiction upon release. *Id.* at 360-61.

## Conclusion

For the foregoing reasons, Defendant's letter motion [DE-70] is DENIED.

SO ORDERED.

This, the _16_ day of January, 2014.

*James C. Fox*

JAMES C. FOX
Senior United States District Judge

2